UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-81944-DIMITROULEAS/MATTHEWMAN

DALE SUNDBY,

    Plaintiff,

vs.

SUSAN JOHNSON,

    Defendant.
_____/

FILED BY ___KJZ___ D.C.

Apr 14, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO INTERROGATORIES [DE 50]

**THIS CAUSE** is before the Court upon Defendant Susan Johnson's ("Defendant") Motion to Overrule Objections and Compel Better Responses to Interrogatories ("Motion") [DE 50]. This matter was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DE 37]. Plaintiff, Dale Sundby ("Plaintiff"), filed a response [DE 55], and Defendant filed a reply [DE 56]. This matter is now ripe for review.

The Court has carefully considered the relevant law, the Motion, response, and reply, and the discovery requests and responses, as well the entire docket in this case. At issue are Interrogatories # 1, 3, and 4.

### Interrogatory # 1

Interrogatory # 1 asked Plaintiff to "[d]escribe in detail 'the significant things' You did that were purportedly required by the contract as alleged in Paragraphs 222 and 229 of the Complaint." [DE 50-1 at 2]. Plaintiff responded that "[t]he significant things are detailed in the exhibits

1

associated with the Complaint and the .mbox, .mp3, and .xlsx files produced." [DE 50-2 at 1]. The Court agrees with Defendant that this response does not comply with Federal Rule of Civil Procedure 33(d)(1) (permitting the responding party to answer an interrogatory by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could").

In filing a motion to compel, the party seeking discovery "must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002).

After a prima facie case has been made, the burden shifts to the producing party to justify the use of Rule 33(d). In order "for Rule 33(d) to apply, the burden of ascertaining the answer from the documents at issue must be substantially the same for either party. When one party is substantially more familiar with the documents at issue than the other, the burden will generally not be the same." *Id.* (citing T.*N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 454 (W.D.N.C. 1991)); *see also Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *3 (M.D. Fla. June 11, 2008). "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Morock v. Chautauqua Airlines*, No. 8:07-cv-210-T-17-MAP, 2007 WL 4247767, *2 (M.D. Fla. Dec. 3, 2007). "The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories." *Elfindepan, S.A.*, 206 F.R.D.

2

at 576. Second, the producing party is required to specify for each interrogatory "the actual documents where [the] information will be found." *Id.* (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2178, at 336 (2d ed. 1994)); *Int'l Aerospace Grp. Corp. v. Evans Meridians Ltd.*, No. 16-24997-CIV, 2017 WL 1927957, at *3–4 (S.D. Fla. May 10, 2017).

Here, Defendant has made a prima facie showing that Plaintiff's use of Rule 33(d) is inadequate, and Plaintiff has not properly justified his use of the Rule. The Court finds that Plaintiff's answer to Interrogatory # 1 is insufficiently detailed, especially since the Complaint alone has over 200 pages of exhibits. *See IZEA Worldwide, Inc. v. DeMike*, No. 619CV1288ORL31LRH, 2020 WL 9815173, at *2 (M.D. Fla. Apr. 13, 2020) (finding interrogatory responses insufficient as they generally referenced a list the plaintiff created detailing certain files); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *4 (S.D. Fla. Mar. 6, 2017) (finding an interrogatory response insufficient when it generally directed the defendant to an affidavit)

Accordingly, on or before **April 29, 2022**, Plaintiff shall either identify the specific page(s) and paragraph(s) of each document Plaintiff claims is responsive, or, alternatively, provide a full and complete written response to Interrogatory # 1.

### Interrogatory # 3

Interrogatory # 3 asked Plaintiff to "[d]escribe in detail all actions You took in performance of the contract alleged in Paragraphs 221 and 228 of the Complaint, including the dates of all such actions." [DE 50-1 at 2]. Plaintiff responded that "[a]ll of the actions and dates of such actions are detailed in the exhibits associated with the Complaint and the .mbox, .mp3, and .xlsx files

produced." [DE 50-2 at 1]. The Court again agrees with Defendant that this response does not comply with Federal Rule of Civil Procedure 33(d)(1), for the reasons stated above. Accordingly, on or before **April 29, 2022**, Plaintiff shall either identify the specific page(s) and paragraph(s) of each document Plaintiff claims is responsive, or, alternatively, provide a full and complete written response to Interrogatory # 3.

### Interrogatory # 4

Interrogatory # 4 asked Plaintiff to "[i]dentify with specificity and separately each item of 'damages,' as alleged in Paragraphs VI.A.1., VI.B.1. and VI.C.1 of the Complaint, by stating in Your answer: (a) the factual basis for each item of damages; and (b) an explanation of the amount and how you calculated each item of damages, including any mathematical formula used." [DE 50-1 at 2]. Plaintiff objected to the interrogatory "since it seeks pre-mature [sic] disclosure of expert opinion, and Sundby has not decided on which, if any, expert witnesses may be called at trial." [DE 50-2 at 1].

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), a party is required to disclose "a computation of any category of damages claimed ... making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Additionally, when discovery is sought regarding the damages being claimed by the plaintiff, "[i]t is not sufficient for a party to respond merely by stating generally that it seeks certain types of damages, or by referring to financial documents from which the information may be derived. Even where it is premature for a party to provide expert opinions on the subject of damages, the party is required to provide a substantive response regarding the

4

amount of damages based on the information it has to date." *Friskney v. Am. Park & Play, Inc.*, No. 04-80457-CIV, 2005 WL 8156082, at *2 (S.D. Fla. June 21, 2005) (citation omitted); *Wilkins v. Ragoodial*, No. 2:20-CV-14203, 2021 WL 1579955, at *2 (S.D. Fla. Apr. 21, 2021).

The factual basis for damages is not solely in the purview of an expert, as claimed by Defendant. Based on the applicable law, Plaintiff shall provide an amended answer to Interrogatory # 4 on or before **April 29, 2022**. Plaintiff's amended answer shall fully and completely respond to Interrogatory # 4 based on the information currently known to the Plaintiff.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Overrule Objections and Compel Better Responses to Interrogatories [DE 50] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff shall provide amended answers to Interrogatories # 1, 3, and 4 as specified above on or before **April 29, 2022**.

3. The Court will DENY the Defendant's requests for attorney's fees and costs under Federal Rule of Civil Procedure 37 at this juncture since the *pro se* Plaintiff arguably may not have been fully aware of his discovery obligations and, therefore, an award at this juncture would be unjust. However, Plaintiff is now on notice of his discovery obligations, and, should he fail to comply with this Order, or fail to fully and completely respond to the Interrogatories as ordered, the Court will consider imposing all necessary sanctions, including an award of costs and attorney's fees. Plaintiff is directed to read and comply with the Court's Order Setting Discovery Procedures [DE 52], the Local Rules for the Southern District of Florida, and the Federal Rules of Civil Procedure. The Court cautions Plaintiff that he, like any party, has discovery obligations in this

case which must be complied with, and the Court will not hesitate to impose fees and costs in future discovery disputes on the appropriate party if the circumstances warrant them.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of April, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge